## Pease *v.* Turner.

The endorsee of a promissory note is entitled to file the same as an offset in a suit against him by the payee and prior endorser to recover money due by the defendant on another claim.

An endorsement is in the nature of a new and distinct contract, and is an engagement to pay, to whoever may by subsequent negotiation become the holder of the bill or note, the amount secured by it; it may, therefore, be given in evidence on a count for money had and received.

The act of 1837, which only changed the rule of pleading, does not affect the right of the endorsee of a promissory note to give it in offset to a suit by the endorser.

ERROR to the circuit court of Yazoo county.

Fitch, for the plaintiff in error, cited Rev. Code, 119, sect. 63; *Ibid.* 464, sect. 9; 13 Johns. Rep. 20; 2 *Ibid.* 155; 12 *Ibid.* 93, 344; 8 *Ibid.* 153; 17 *Ibid.* 350; 1 Bay's Rep. 437; 2 *Ibid.* 351.

Thompson and Grayson, *contra.*

Mr. Justice Trotter delivered the opinion of the court.

This was an action of *assumpsit,* by the defendant in error, against the plaintiff in error, to recover the amount due upon a bill of exchange, of which the defendant was possessed as holder. The defendant below pleaded *non assumpsit* and payment, and filed with the second plea, a bill of particulars, in which he claimed to be the holder of a promissory note made by Hardy Weems, for the sum of 3237 dollars and 13 cents, payable to the order of Edward Turner, and by him endorsed to W. J. Pease & Co, who endorsed it to the defendant below, with an averment of protest and regular notice. On the trial, the defendant below produced and offered to give in evidence to the jury, this note and the endorsement as an offset. But the court refused to suffer it to be read. And this decision of the court is assigned as the ground of error. It is too well

[*Pease v.* Turner.]

settled to be controverted, that the holder of a bill or promissory note is entitled to an action against all the parties to the same, and the endorsee may maintain the action against his immediate endorser, or a prior or remote endorser at his election. An endorsement is in the nature of a new and distinct contract, and is an engagement to pay to whoever may, by subsequent negotiation, become the holder of the bill or note, the amount secured by it. It is an appropriation of so much money for the use of the holder. It may, therefore, be given in evidence, on a count for money had and received.   The contract of an endorser is, therefore, no longer considered as a collateral undertaking merely.   He is not regarded in the light of a surety, but his liability is based upon his distinct and independent contract.   16 Johns. Rep. 151.   It is conditional to be sure, but upon the performance of the condition, it is rendered absolute.   It is a contract to pay the amount of the bill or note upon demand made, and refusal of the maker, and due notice.   It is then a specific contract, as much so as that of the maker, and if the holder may maintain *indebitatus assumpsit,* or debt against the maker, it follows necessarily that the same action will lie against the endorser.   2 Wheaton, 385; 6 Peters' Rep. 20.   But it is said there is no privity of contract between the holder and a remote endorser.   There is no privity by express contract, but there is a privity in law.   1 Mason's Rep. 318.   Nor indeed is it necessary in all cases that there should be a privity of contract.   It is sufficient if the law will create the liability to pay.   *Indebitatus assumpsit* lies against the finder of money.   Here is not the semblance of privity, and yet the law holds the finder a trustee for the owner, and bound in conscience and good faith to pay the money.   So in this case, the contract of the defendant in error, raises in law, a promise to pay the amount of the note to any *bona fide* holder.   Debt or *assumpsit,* therefore, clearly lies, and if so, it was a subsisting claim which might properly have been set off against the claim of the plaintiff in the court below.   The act of 1837, cannot properly exercise any control over this right.   That act only changed the rule of pleading. It has not varied the rights of the parties.   The judgment must be reversed, and a *venire de novo* awarded.