RICE S. FLOURNOY v. THE STATE.

Where the defendant, being indicted in the common form for an assault and battery, pleaded a former conviction before a Justice of the Peace, and it was proved that the assault and battery was of an aggravated nature, being made with an andiron, it was held that the record of the conviction before the Justice of the Peace was properly excluded, on the ground that the Justice of the Peace had no jurisdiction.

Appeal from Jackson.   Indictment in the common form for an assault and battery on Charles Whaley. Plea of not guilty, and former conviction before a Justice of the Peace.   It was proved that the defendant and Whaley were both intoxicated, in a bar room ; that they wrestled and the defendant threw Whaley ; that Whaley got up excited and told defendant that he could not do it again ; that defendant took up an andiron weighing three or four pounds, and as Whaley was leaving the room, struck him over the head with it ; a witness who came up at this time, found the plaintiff on Whaley on the ground, with the andiron in his hands ; the Physicians found two cuts, which bled freely, but had not injured the skull ; Whaley was in a stupor that night ; was out of it next morning ; was confined several days ; defendant expressed himself very sorry soon after ; and paid all the expenses.

The witness who had come up and found the defendant on Whaley, made complaint before a Justice of the Peace, swearing that the assault and battery was committed with an andiron or deadly weapon.   The Justice of the peace decided that it was a simple assault and battery, and fined the defendant fifty dollars, which defendant paid.   The defendant offered the judgment of the Justice of the Peace in evidence, but the Court excluded it.   The jury found the defendant guilty and

assessed the punishment at ten days imprisonment. Judgment accordingly, and appeal.

*Cunningham* and *Holt*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The evidence discloses the commission, by the appellant, of a most aggravated assault and wounding. In the case of Norton v. The State (14 Tex. R.) it was decided, that where the offence is of an aggravated nature, a Justice of the Peace has not jurisdiction to try and punish, but only to recognize the offender, for his appearance at the District Court to answer to the indictment which shall be preferred against him. The present comes fully within the principle of the case cited. The record of conviction before the Justice was, therefore, rightly excluded ; and the judgment is afirmed.

Judgment affirmed.