## State *v.* Hodgkins.

A plea of previous conviction must show that, under the first complaint or indictment, the real merits of the charge may have been inquired into, and that the respondent was actually in peril.

In such case, it must appear that the magistrate or court had full legal jurisdiction over the offense at the time of the trial. A discharge or acquittal, where there was no final jurisdiction over the offense, is no bar to a subsequent indictment for the same cause.

This was an indictment for a simple assault and battery upon one Jane Elliott, by the defendant, Daniel Hodgkins. To this indictment the defendant pleaded not guilty upon his first arraignment; and when the case came on for trial, and the jury was empanneled, the defendant offered a plea of *autrefois acquit*, to which the solicitor objected, but the court admitted it. Under this plea, the defendant offered to prove that a complaint was made against him for the same offense charged in the indictment, describing the offense as a simple assault and battery, on which a warrant issued, and he was thereon arrested and brought before the police court of the city of Manchester, and arraigned; and upon his pleading not guilty the case was continued, and at the time of the continuance these proceedings were entered *nolle prosequi;* and he was arraigned on a second complaint and warrant for an assault on the same person, at the same time, "with intent her, the said Jane Elliott, then and there feloniously to ravish and carnally know, and to commit carnal copulation with her by force, and against her will, contrary to the form of the statute," &c.; that to this charge he pleaded not guilty, and was tried and acquitted, and that the record of said police court, after stating that the case was heard, &c., recites that "it appeared to the court that there is no just ground to hold the said respondent to answer for said offense; it is, therefore, ordered by the

State *v.* Hodgkins.

court that said respondent be discharged;" that the same day the defendant was arrested on a second complaint, for a simple assault and battery, on the same person and at the same time, being the same assault that the two former complaints had described, and was tried upon this complaint; and the police justice first concluded to fine him five dollars, and notified the defendant that such would be the sentence; but upon an application of the defendant to have the case reopened and reheard, it was disposed of in that way, and the defendant procured counsel, and had a rehearing; after which the said justice ordered the respondent to be bound over for his appearance at the next term of this court, to answer to this offense, at which term the present indictment was found for the same assault and battery described in all three of the complaints aforesaid. The court ruled that these facts, if proved, would constitute no defense, and the defendant excepted, and the questions of law were reserved.

*B. P. Cilley,* for the respondent, referred the court to Whart. Cr. Law, 247, 248, 255, 257; *State* v. *Barns,* 32 Me.; *State* v. *Webster,* 39 N. H. 98; Comp. Stat., ch. 232, sec. 2.

*A. F. Stevens,* Solicitor, for the state.

NESMITH, J. It may, in general, be considered the rule that when proceedings are commenced against a person for an alleged offense, upon a complaint before a justice of the peace, in a matter where he has final jurisdiction, and the accused is arraigned, tried and discharged as not guilty, and judgment has been entered thereon, he can not be again put on trial, under another similar complaint, for the same offense. *Stevens* v. *Fassett,* 27 Me. 266; N. H. Bill of Rights, Art. 16. And a plea of *autrefois acquit,* made by a defendant in due form, indicted for a crime or misdemeanor, alleging that he has formerly

been tried and acquitted of the former offense, would be good. But, to be a bar, the acquittal must have been by trial. There must be an acquittal of the offense charged, in law and in fact, by a verdict of a jury, on a valid indictment, or by some competent tribunal that has jurisdiction of the offense. Hawk., B. 2, ch. 25, sec. 1; 4 Black. Com. 335; 1 Ch. Cr. Law 452.

Did the police magistrate of Manchester, under the first complaint against the respondent, so try him as legally to justify or sustain this plea? The case shows the respondent to have been charged with an assault and battery, and that he was arraigned and pleaded to the complaint not guilty, and that his case was continued; and that at the trial upon the continuance these proceedings were discontinued by the entry of a *nolle prosequi.* So far, then, the merits of the case do not appear to have been inquired into, and the defendant was not put in peril. A plea of previous conviction can not be sustained, unless it appear that, under the first indictment or complaint, the real merits may have been inquired into, and the respondent was actually in jeopardy. *Commonwealth* v. *Curtis,* Thatcher's Cr. Cases 202. A *nolle prosequi,* entered on an indictment by the prosecuting officer, is no bar to another indictment for the same offense. *Commonwealth* v. *Wheeler,* 2 Mass. 172; *State* v. *Tindall,* 5 Harr. 488. Unless it appear affirmatively that a former trial was decided on the merits, the plea of a former acquittal is bad. *Hassell* v. *Nutt,* 14 Texas (19 U. S. Dig.) 85. Hence, on this ground, the defendant's plea is not sustained.

But it appears by the case that the respondent was the second time arraigned before the police magistrate, upon a complaint for an assault upon the same person, with the attempt to commit a rape. Upon this, the record recites, that the respondent was heard, and that there was no just ground for holding him to answer to this complaint, and he was discharged. The answer to this part of the case is,

that the magistrate had no final jurisdiction of this complaint. He had no power to try the offense alleged under the second complaint. It was by our statute made a state prison offense. He could only examine and ascertain if there was a sufficient cause for putting the defendant upon trial before a court competent to make a final disposition of the case. The court say, in *Marston* v. *Jenness*, 11 N. H. 162, the essence of the plea *autrefois acquit* is, that the defendant was *legitimo modo acquietatus*, by a court of competent jurisdiction to try him. The opinion of a court of inquiry, which has no final jurisdiction in the case, is conclusive upon no one. If it were, no party could be indicted against whom a former grand jury had refused to find a bill, or whom a magistrate had once refused to bind over. This authority, united with a long, uniform practice, appears to be decisive upon this point. *State* v. *Place*, not reported; Comp. Laws, ch. 227, sec. 3. *State* v. *Webster*, 39 N. H. 98; *Commonwealth* v. *Tuck*, 20 Pick. 356. A plea of a former acquittal, by a justice of the peace, of an offense of which he has no jurisdiction, is no bar to an indictment for the same offense. *State* v. *Payne*, 4 Miss. 376; *State* v. *Odell*, 4 Blackf. 156; *Sanborn* v. *Fellows*, 22 N. H. 473.

The fact, therefore, that the respondent was tried on the second complaint, and acquitted for the reasons given, can not avail him as a plea in this case. From the case it also appears that the magistrate considered the offense committed by the respondent as an assault and battery of an aggravated character, and, therefore, ordered him to recognize to appear at the higher court. If the evidence justified the magistrate in coming to this conclusion, it was within his discretion so to find. This furnishes another and additional reason why the defendant's plea can not be allowed. To an indictment for an assault and battery of an aggravated character, a plea of a former conviction before a justice of the peace is no defense, the

justice having no final jurisdiction.   *State* v. *Flournoy,* 16 Texas 30 (19 U. S. Dig. 85).

There does not appear to us to be any sufficient grounds upon which this plea can stand, and the exception to the ruling of the judge who tried the case must be overruled, and the respondent answer further.