## Hurt v. The State, 25 Miss. Rep., 378.

### HOMICIDE.

The verdict of a jury, on the trial for murder, finding a person guilty of manslaughter, operates as an acquittal of the charge of murder, and will be a bar to a second prosecution for the same offense.

An indictment is defective in substance, when the court cannot pronounce the proper sentence of the law upon a verdict finding the accused guilty.

Error to Hinds circuit court. BARNETT, J.

The plaintiff in error, John Hurt, was indicted in the circuit court of Hinds county, to which indictment several pleas in abatement were filed by defendant (Hurt), alleging the illegal organization of the grand jury which found the indictment, because some of the said jurymen who found the bill of indictment were summoned from the bystanders and were not of the regular *venire*. All of these pleas were demurred to by the state, and the demurrers sustained. Hurt was tried at the March term, 1853, of said court, on the plea of not guilty, and he was

convicted of manslaughter in the third degree.   He then moved for a new trial, which was refused, and prayed for this writ of error.

*T. J & F. A. R. Wharton* for plaintiff in error.

The verdict of the jury has fixed the grade of the offense as manslaughter in the third degree.   This, and not the finding of the grand jury, is the criterion.

If, therefore, the court should be of the opinion that the grand jury was illegally organized, and should reverse the judgment of the court below and quash the indictment, we insist that the plaintiff in error should be discharged, as the record shows that more than twelve months have expired since the commission of the offense.   He could not be indicted again for murder, having been already tried for that, and by a conviction of manslaughter acquitted of murder.   This principle has been recognized by this court in Swinney v. State, 8 S. & M., and in Howard v. State, 13 ib., 261.   He could not be indicted for manslaughter, because of the statute of limitations.

It is insisted that the plaintiff in error was convicted improperly, as the acts of the grand jury are all null and void, unless it was organized according to law.   Admit this, and we demand his discharge, because illegally detained in custody.

On the point of having been tried and put in jeopardy twice. Wharton's Am. Cr. Law (2d ed.), 198–205; State v. Norvell, 2 Yerg., 24; 4 Scam., 168; 1 Humph. R., 253; 6 ib., 410; 4 Black. Com., 329.

*D. C. Glenn,* attorney general.

I refer to and rely on the following authorities in reply to counsel for the accused; 12 Met., 387; 1 English, 187; 13 Johns., 351; 3 Grattan, 623; 1 Stewart, 31; Lord Raymond, 422; 1 Walker, 204; Wharton's Am. Cr. Law, 194, 202.

FISHER, J.:

The plaintiff in error was indicted at the March term, 1851, of the circuit court of Hinds county, for murder.   He appeared at the same term of the court and filed certain pleas in abatement, alleging the illegal organization of the grand jury to the indictment; to which pleas the district attorney demurred, which

demurrer was sustained by the court.  The prisoner afterwards having pleaded not guilty, was put upon his trial, at the March term, 1853, of said court, and was by the jury found guilty of manslaughter in the third degree.  From the judgment rendered upon this verdict, he prosecuted a writ of error to this court, assigning at the hearing the action of the court in sustaining the demurrer to the pleas in abatement as error, which having been considered as well assigned, the judgment of the court below has been reversed and judgment rendered here, overruling the demurrer and quashing the indictment.  It is now insisted that the verdict of manslaughter is an acquittal of the charge of murder; and inasmuch as the statute of limitations will bar another indictment and prosecution merely for manslaughter, the prisoner is now entitled to his discharge.

The attorney general urges in opposition to this motion that the reversal of the judgment on the verdict of manslaughter annuls the whole proceedings upon the trial below as well for as against the prisoner; and that the indictment having been avoided by pleas in abatement, he can be again indicted for the crime of murder.

A verdict of a jury finding a party put upon his trial for murder guilty of manslaughter in the third degree, must of necessity operate as an acquittal of every crime of a higher grade of which he might have been convicted under the indictment upon which the issue was made; otherwise the party, after undergoing the sentence for manslaughter, might be put upon his trial for the charge of murder, which would thus be only postponed and not decided by the verdict of manslaughter.

. The jury in such case, in contemplation of law, render two verdicts, one acquitting the accused of the higher crime charged in the indictment, the other finding him guilty of an inferior crime.  They must first determine his guilt or innocence upon the charge made by the indictment, before proceeding to consider whether he is guilty of an inferior crime.  The verdict of manslaughter is as much an acquittal of the charge of murder as a verdict pronouncing his entire innocence would be; for the effect of both is to exempt him from the penalty of the law for such crime.

But it is said that such verdict only operates as an acquittal, while it is permitted to stand as part of the action of the court below ; and as it has been set aside by this court upon the prisoner's own application, the cause must be treated in all respects as if no trial had taken place. In support of this position authorities have been cited, holding that, when the judgment upon a trial for murder is arrested, the party may be remanded and again indicted for the same crime. The authorities, doubtless, announce the law correctly, but they have no application to the question under consideration. The judgment is only arrested in any case when the verdict is against the party. He would certainly never move, neither would the court for a moment entertain such motion in arrest of the judgment when the verdict was in his favor. Here the verdict of the jury acquitted the party of the crime expressly charged in the indictment, and at the same time exempted him from the penalty of the law for its supposed commission. He could not move in arrest of judgment on this part of the verdict, because the judgment corresponding, in contemplation of law, with the verdict in this respect, must also have been one of acquittal of the charge of murder. Whether this judgment was in fact pronounced by the court, as ought to be the practice, or attached by mere operation of law to the verdict, it was bound to be in the party's favor, and it could not, therefore, be arrested or set aside on his motion.

The same may, in effect, be said with regard to the action of this court upon the writ of error, which brought to its consideration only the judgment and proceedings of the court below, prejudicial to the accused. This was the final sentence upon the verdict of manslaughter, as no other threatened his liberty or in any manner affected his rights. He sought relief against no other. The judgment of reversal could extend only to such judgment and matters as the writ of error brought to our consideration. A judgment, acquitting the party of murder, not being one which could be embraced in this writ of error, for the same reason could not be embraced in our judgment. Hence, it stands unaffected by our action, as the judgment of the court below on a charge of murder. It may be true that no formal judgment of acquittal was entered, but we hold that the sen-

tence of the court upon the verdict of manslaughter was of itself a complete acquittal of all higher crimes of which the party might have been convicted under the indictment. It will not do to say that the reversal of the sentence against the party also destroys the verdict and judgment by operation of the law in his favor. The former, being against the party, could be made the subject of revision upon a writ of error to this court. The latter, being in the party's favor, was final, conclusive, and irreversible. Neither he nor the state could ask a revision of such judgment upon a writ of error to this court, and having no power to revise it, we have no authority to reverse or annul it. It still stands, therefore, wholly unaffected by our action upon the writ of error. To this our mind is clear upon principle; but the question has been directly adjudicated by the supreme court of Tennessee and settled in a well considered opinion as we have stated the rule. Slaughter v. State, 6 Humph., 410.

It is not necessary that we should go into examination of the principles involved in the other question made by the attorney general. It may be admitted, for the sake of the argument, that the indictment was voidable, and still, under the record, the prisoner would be entitled to his discharge. The indictment purports to have been by a grand jury organized by the court. The record shows that the prisoner was arraigned and regularly tried upon the charge therein contained, and that he was acquitted of the charge of murder upon the facts and testimony introduced before the jury. The statute is decisive of the question and was no doubt enacted to relieve against such cases. It is in these words, to wit: "No person shall be held to answer on a second indictment for any offense of which he has been acquitted by the jury upon the facts and merits on a former trial, but such acquittal may be pleaded by him in bar of any subsequent prosecution for the same offense, notwithstanding any defects in the form or the substance of the indictment on which he was acquitted. How. & Hutch., p. 690, § 5; ib. 725, § 20. An indictment is defective in substance when the court cannot pronounce the proper sentence of the law upon a verdict finding the accused guilty. In such case the judgment is arrested, and the party, according to the au-

thorities, remanded for another indictment. While this may be the law and the universal practice of the courts upon a verdict of guilty, it by no means follows that the law or practice ought to be the same upon a verdict of not guilty. The party has gone through the legal form of a trial, and has by it established his innocence, and hence the wisdom of the statute in providing for such cases.

Let the prisoner be discharged.