## KOHLHEIMER *v.* STATE, 39 Miss. R., 548.

### HOMICIDE.

The constitutional rule which declares that " no person shall, for the same offense, be put twice in jeopardy of life or limb for the same offense, applies only to those cases where there has been had either a lawful acquittal or a lawful conviction, under a valid indictment, which is sufficient in law to authorize the court to pronounce its judgment.

If the indictment be so defective in form that a valid judgment could not be pro-

nounced upon it against the defendant, he has not been in jeopardy; and if acquitted, the acquittal would be no bar to another prosecution for the same offense.

An acquittal or conviction (where the penalty has not been inflicted) upon a void proceeding or indictment, will not operate as a bar to the subsequent indictment. *Semble*—That where the penalty has been inflicted it is different.

The verdict of a jury on an indictment for murder, convicting a party of manslaughter, operates as an acquittal of every offense of a higher grade of which he might have been convicted under the indictment.

Error to Chickasaw circuit court.   ACKER, J.

Frederick Kohlheimer was indicted in the court below for murder.  The caption of the indictment showed that twenty persons, to serve as grand jurors, were summoned by the sheriff, without any writ for that purpose; that they were selected by him in equal numbers from each of the police districts of the county.  They were organized, empaneled, and sworn as a grand jury.  This body returned the bill of indictment into court.  The indictment was found in October, 1857, for a homicide committed in July of the same year.  The defendant pleaded not guilty, and was convicted of manslaughter.  He moved in arrest of judgment, and his motion being overruled, he made a motion for a new trial, which was overruled, and he excepted and sued out this writ of error.

*F. Anderson*, for plaintiff in error.

That the plaintiff in error could not be again indicted for murder is clear, for of that charge he has been acquitted. Neither could he be indicted for manslaughter, for the statute of limitations bars the prosecution for that offense.  13 S. & M., 262; Hurt v. State, 25 Miss., 378; Slaughter v. State, 6 Humph., 410; Haynie v. State, 34 Miss., 620.

*T. J. Wharton*, attorney general,

On the point whether the prisoner should be discharged or remanded for a new indictment, cited Reynolds v. State, 1 Kelly (Ga.) R., 222, and also argued that a second prosecution could be had for manslaughter, and cited Rev. Code, 613, art. 249.

HARRIS, J.:

The plaintiff in error was indicted for murder. and convicted

of manslaughter in the court below, and sentenced to imprisonment in the penitentiary. A motion in arrest of judgment was made, on several grounds; among others, on the ground that the indictment was not found by a legal grand jury, and also that there was no indictment, or issue, on which the plaintiff in error could have been lawfully put upon his trial. This motion was overruled.

Afterwards a motion for a new trial was made, which was also overruled. Exceptions were taken and allowed, and the cause is now brought to this court by writ of error.

Many grounds of error are assigned in the record before us; but it being conceded that the indictment was void, because the record shows that it was found by an illegal body, acting as a grand jury, the question now made before us is, what disposition shall be made of the accused.

It is urged that the finding of the jury is an acquittal of the crime of murder, and he cannot, therefore, be *re-tried* for that crime; that the record shows that the offense of manslaughter is barred by the act of limitations, and he cannot, therefore, be convicted of that offense. It is insisted, then, that he should be discharged by this court, on the ground that there·was no valid indictment against him appearing in this record upon which a judgment could be pronounced; that the judgment should have been arrested on the motion of plaintiff in error in the court below; and, in correcting that error, this court must necessarily discharge the accused, as no further prosecution can be maintained against him for this offense.

It will be observed that the sole ground upon which the present application is predicated seems to be the *total nullity or invalidity of the indictment* upon which this prosecution is based. The question, therefore, to be decided *now* is, whether *any*, or what, effect in law is to be given to a criminal prosecution void on its face.

Independent of statutory or constitutional provisions in this state, to which we shall hereafter have occasion to refer, it is an established maxim of the common law, in the administration of criminal justice, constantly recognized by elementary writers and courts of judicature from a very early period down to

the present time, "that a man shall not be brought into danger of his life for one and the same offense more than once." In the case of the United States v. Gilbert, 2 Sumner, 38, Judge Story states the rule, and collects and reviews the authorities, showing that a former conviction or acquittal may be plead in bar of a second indictment for the same offense, even at common law. But the rule thus recognized is always stated with the qualification that " it is intended of a *lawful* acquittal or conviction; for if the acquittal or conviction is not *lawful*, his life was never in jeopardy."[1]    4 Coke, 40–47, case of William Vaux; 2 Hawkins' P. C., book 2, ch. 36, § 15; 2 Hale, ch. 31, 32, p. 243; Regina v. Goddard, 2 Ld. Raym., 922; Armstrong v. Lisle, 1 Salk., 63; People v. Barrett, 1 John., 66; The People v. Carbury, 13 John., 351.

Thus we see that the maxim is imbedded in the very elements of the common law, and has been uniformly construed to present an insurmountable barrier to a second prosecution, where there has been a verdict of acquittal or conviction *regularly had*, upon a *sufficient* indictment. Such was the rule of the common law, and its *interpretation*, at the time it was adopted into the Constitution of the United States as an article of the Bill of Rights, and subsequently into our constitution, as the thirteenth section of our Declaration of Rights. See 3 Greenleaf's Ev., p. 41, § 35, and numerous authorities cited in notes; Wharton's Am. Crim. Law, §§ 541, 551, 573, 587; Bishop's Crim. Law, §§ 663, 666, 673, 677, and authorities cited.

By the constitution of Mississippi (Declaration of Rights, § 13), it is provided that " No person shall, for the same offense, be twice put in jeopardy of life or limb."

The same provision is contained in the Constitution of the United States, and the constitutions of most, if not all the

[1] Wharton's Am. Cr. Law, 551, 587 ; Gerard v. People, 8 Scam., 363; Com. v. Cook, 6 Serg. & Rawle, 577 ;  Com. v. Clue, 3 Rawle, 498 ;  State v. Garrigues, 1 Hayw., 241; Com. v. Purchase, 2 Pick., 521 ;  State v. Woodruff, 2 Day, 504;  State v. Ray, 1 Rice, 1 ;  Com. v. Loud, 3 Metc., 328;  Com. v. Keith, 8 Metc., 531 ;  People v. Marsh, 6 Cal., 543;  Pritchett v. State, 2 Sneed (Tenn.), 285 ;  People v. McNealy, 17 Cal., 333 ;  Vaux's case, 4 Coke, 44;  State v. McGraw, 1 Walk., 208 ;  Com. v. Somerville, 1 Va. Cas., 164; State v. Ray, 1 Rice, 1;  Com. v. Clair, 7 Allen, 525;  1 Russell on Crimes, 836 ; Rex v. Turner, R. & M. C. C., 239 ;  1 Archbold's Cr. Pr. and Pl., 112;  Rex v. Vandercombe, 2 Leach, 708 ;  Wigg's case, 4 Coke, 46 ;  Hite v. State, 9 Yerg., 357;  State v. Woodruff, 5 Day, 504;  Com. v. Goodenough, Thach. C. C., 132.

states; and the decisions of the courts have constantly recognized the principle, under their written constitutions, so fully established by the common law, that "if the indictment be so defective in form that a *valid judgment* could not be pronounced upon it against the defendant, *he has not been in jeopardy;* and if acquitted, the acquittal would be no bar to another prosecution for the same offense. See Bishop's Crim. Law, §§ 663, 666; 2 Hale P. C., 248; 1 John., 66; 4 Coke, 44; 1 Rice, p. 1; 1 M. & S., 183; 3 Metcalf, 328; 2 St. & Port., 341; 1 Va. Cases, 312.[1]

It is further said by Mr. Bishop, upon the authority of many adjudged cases, "that if sentence be pronounced upon conviction, the defendant will be protected, while the judgment remains unreversed, not because he has ever been in jeopardy, but because of a general and very important principle of the law, that an *erroneous final judgment,* rendered by a competent tribunal having jurisdiction over the subject-matter, is *voidable* only," &c.   1 Bishop, § 663.   But in § 666 he says: "Where a man is brought before a tribunal that has no jurisdiction over the offense with which he is charged, or that has its existence by virtue of an unconstitutional act of the legislature, or that is holding a term of court unauthorized by law, *or that for any other reason* has no authority to try him, *he is not in jeopardy,* however far such tribunal may proceed with his case. *And in most, and probably all, of these circumstances, the final judgment, when pronounced, is not 'voidable,'* as mentioned in a previous section (§ 663, just quoted), *but void;* so that his conviction, unreversed, is no more a bar to another prosecution than his acquittal." The State v. Odell, 4 Black. 156; Com. v. Hyde, Thacher Cr. Cases, 112; Com. v. Peters, 12 Metcalf, 387; Com. v. Goddard, 13 Mass. R., 455, 457; The State v. Payne, 4 Miss. R., 376; The State v. McCory, 2 Blackf., 5; Marston v. Jenness, 11 N. H. R., 156; Com. v. Myers, 1 Va. Ca., 188–248; Rector v. The State, 1 Engl., 187; see McGinnis v. The State, 9 Humph., 43; Dunn v. The State, 2 Pike, 229; Rex v. Bowman, 6 Car. & P., 337; The State v. Atkinson, 9 Humph., 677; Com. v. Alderman, 4 Mass. R., 477.

[1] See note (*) *supra.*

Mr. Wharton, in the fourth and revised edition of his work on American criminal law, § 541, says: "A legal acquittal in any court of competent jurisdiction, *if the indictment be good*, will be sufficient to preclude any subsequent proceedings before every other court." See Arch. C. P., 82; 1 Green., 361; 12 Conn. R., 54; 27 Maine R., 266; 5 Rand, 699. At § 573, the constitutional provisions of the federal and state governments are noticed, and the same principle stated. So in 3 Greenleaf's Ev., p. 41, §§ 35, 36.

It seems to be clear, therefore, upon principle, as well as authority, that neither at common law, nor by our constitution, will an acquittal or conviction (where the penalty has not been inflicted) upon a *void* proceeding or indictment operate as a bar to a subsequent indictment for the same offense.

It cannot, therefore, be said that the defendant has been *acquitted of the crime of murder*, by his conviction of manslaughter, upon an indictment which is pronounced in this proceeding to be *void*, because not found by a competent grand-jury, as appears by this record, unless there be some special provision in our statute changing the common law rule on this subject.

We are referred to the case of Heward v. The State, 13 S. & M., 262, and Hurt v. The State, 25 Miss. R., 378, as establishing a different rule.

The first case cited only has reference to the statute of limitations in relation to manslaughter, holding that where it appears from the record that the statute has interposed its bar, that the defendant would be entitled to his discharge, under the provisions of Hutch. Code, 1004.

The case of Hurt v. The State,[1] on the point we are now called to consider, cannot be deemed an authority for the position that an acquittal under a *void* indictment, *void on the face of the record*, is in law a bar to another indictment for the same offense. There is nothing in the report of the case which shows that the point here presented was either discussed by counsel or decided by the court. The *acquittal* of murder seems to have been taken as indisputable in that case, for the reason that the

[1] *Supra.*

indictment was considered not *absolutely* void, but merely " *voidable.*"

The language employed in delivering the opinion of the court shows that the point now under consideration was not made.

It was insisted for the defendant (p. 380) that the verdict of manslaughter is an acquittal " of the charge of murder, and as the statute of limitations will bar another indictment for *manslaughter* merely, the prisoner should be discharged.*"

The attorney general replied, " that the *reversal of the judgment*, on the verdict of manslaughter, annuls the whole proceedings upon the trial below, as well for as against the prisoner; and that the indictment having been *avoided by the pleas* in *abatement*, he can be again indicted for the crime of murder.*"

The attorney general does not present the point now under consideration—that the indictment and whole proceedings are *void;* but urges that the *reversal of the judgment* of the court below, overruling the defendant's plea in abatement, showing the illegal organization of the grand jury, annulled the whole proceeding below, both as to the acquittal of murder and the conviction for manslaughter. He did not assume that the whole proceeding was *void*, but *reversed.*

What does the court say immediately following this statement made by itself of the respective positions of the counsel for the state and for the accused? " A verdict of a jury, finding a party put upon his trial for murder guilty of manslaughter in the third degree, must of necessity operate as an acquittal of every crime of a higher grade, *of which he might have been convicted* under the indictment upon which the issue was made. If, then, on the *face of the record* it appears that the indictment is *void*, consequently that no legal conviction could be had upon it by the rule established by the court in Hurt's case, there could be no legal *acquittal* or conviction.

The court then proceeds to discuss the effect of the reversal of the conviction for manslaughter, and to show that it only annulled *that* judgment; that, in effect, there were two verdicts and two judgments in the court below—one a verdict and judgment of acquittal of the crime of murder, from which no writ

of error was, or could be, prosecuted under our system; the
other a verdict of guilty of manslaughter, and judgment thereon,
from which the defendant alone could prosecute a writ of error.
" The judgment of reversal could extend only to such judgments
and matters as the writ of error brought to our consideration."

" A judgment acquitting the party of murder not being one
which could be embraced in his writ of error, for the same
reason could not be embraced in our judgment." Hence it
stands unaffected by our action, as the judgment of the court
below on the charge of murder. It may be true that no formal
judgment of acquittal was entered; but we hold that the
sentence of the court upon the verdict of manslaughter was of
itself a complete acquittal of all higher crimes *of which the
party might have been convicted under the indictment.*

And for this, the court cites the case of Slaughter v. The
State, 6 Humph., 410, where that court, relying upon the
previous case of The State v. Norrell, 2 Yerger, 33, state the
rule to be "that a verdict of acquittal *upon a good indictment*
is a bar, under our constitution, to any subsequent trial for an
offense affecting life or limb, although no judgment was ever
entered."

In further discussing the case of Hurt v. The State, it is
obvious that the court intended to confine itself to the indict-
ments which, on the record, were at least *prima facie* legal,
*though voidable* upon plea in abatement, as was the case before
it. The case of a *void* indictment is expressly pretermitted by
the language used. On this subject the court says: "It is not
necessary that we should go into an examination of the prin-
ciples involved in the other question made by the attorney
general. It may be admitted, for the sake of the argument,
that the indictment was *voidable;* and still, under the record,
the prisoner would be entitled to his discharge. The indict-
ment purports to have been found by a grand jury organized
by the court. The record shows that the prisoner was arraigned
and regularly tried upon the charge therein contained, and that
he was acquitted of the charge of murder upon the facts and
testimony introduced before the jury. The statute is decisive
of *the question,* and was no doubt enacted to relieve against

such cases. It is in these words, to wit: "No person shall be held to answer on *a second indictment* for any offense of which he has been acquitted by the jury upon the facts and merits on a former trial; but such acquittal may be pleaded by him in bar of any subsequent prosecution for the same offense, notwithstanding any defects in the form or the substance of the indictment on which he has been acquitted." See Rev. Code of 1857, p. 573, arts. 4, 5, 6, 7. How. & Hutch., p. 690, § 5; Id. 725, § 20.

"The statute," says the court, "is decisive of *the question.*" What "question?" Whether a prisoner, "arraigned and regularly tried," and "acquitted of the charge of murder, upon the facts and testimony introduced before the jury," under a "*voidable* indictment, was entitled to be discharged, when the judgment for manslaughter had been arrested, and that offense barred by the statute of limitations." "In *such case,*" the court says, "the party has gone through the legal form of a trial, and has, by it, established his innocence; and hence the wisdom of the statute in providing *for such cases*"—"cases" where there was an *indictment*, however irregular or "*voidable.*" But certainly neither this decision, nor the act of the legislature just quoted, were ever designed to apply to a case where, *in law*, there was no grand jury, *no* indictment, *no* accusation, *no* power or authority to arrest, arraign, try, convict or acquit, and hence no "jeopardy of life or limb." Both the decision and the statute had reference to that class of cases where the defendant, waiving—perhaps scorning—the advantage of either technical or even substantial defects in the record or indictment, chooses to rely on the *facts and merits* of his case for acquittal, rather than avail himself of the *demerits* of the officers of the law. In such case, *however erroneous or voidable* might be the proceedings against him, justice and good faith sanction the rule and the statute which seals his acquittal. It has relation to "*defects in the form or substance of the indictment,*" not to a *void* proceeding. The defendant may waive *erroneous* or *voidable* proceedings, but it is neither in the power of the defendant, nor of the court, nor even of the legislature itself, to give validity to a void prosecution, or a void judgment, upon a void indictment.

These principles, as well as this construction of the act in question, are directly sanctioned by the opinion of this court in Newcomb v. The State, 37 Miss. R., 383.

It is there held, that Art. 7, p. 573, of the Rev. Code, which provides that all objections, either to the form or substance of an indictment, shall be made before verdict, applies to those cases only where the defect is of such a character that the accused may waive it, either expressly or by his silence.

It is there further held, that a defendant cannot waive objections to a void indictment; that the right secured to him by our constitution, "to demand the nature and cause of the accusation against him," cannot be waived or surrendered by him.

The judgment below must be reversed, and defendant be ordered to appear at the next term of the circuit court of Pontotoc county, to answer to an indictment for the offense originally charged against him, according to his recognizance and bond.