### WEAVER *v.* STATE.

### Opinion delivered September 24, 1917.

CRIMINAL LAW—NEW TRIAL—FORMER JEOPARDY.—Where the court has granted the defendant a new trial, he can not thereafter at a subsequent trial plead former jeopardy.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*I. J. Matheny,* for appellant.

1. The plea of former jeopardy should have been sustained. 43 Ark. 271; Kirby & Castle's Digest, § 2515; 81 Ark. 41.

2. The evidence does not warrant a conviction. Appellant took the hog in good faith, believing it was his own.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The plea of former jeopardy was properly overruled. 26 Ark. 260; 29 *Id.* 31; 32 *Id.* 231; 13 *Id.* 722.

2. The evidence sustains the verdict and there is no error.

McCULLOCH, C. J. Defendant appealed from the judgment of conviction upon the charge of grand larceny. There was a former trial of the cause, which resulted in defendant's conviction, but the court granted a new trial on the ground that one of the jurors had become ill dur-

ing the progress of the trial and was discharged from the jury. The record of the former trial recites an agreement entered into between the defendant and the prosecuting attorney for the discharge of the juror on account of the illness of the latter and an agreement to proceed with the trial before the jury composed of eleven jurors. When the case was called for the second trial defendant pleaded former jeopardy in bar of further prosecution. The ruling of the court in failing to sustain the plea is the principal ground urged for the reversal of the judgment rendered pursuant to the conviction in the last trial.

The ruling of the trial court was correct, for the granting of a new trial removed the jeopardy and authorized a retrial of the issue. This court once said that "it is rather a merciful interposition of the court, than any invasion of his rights, to set aside the conviction upon his own application in order to afford him the opportunity of another trial." *Johnson* v. *State,* 29 Ark. 31. It is immaterial whether the ruling of the court in granting a new trial was correct or erroneous, for the effect of the ruling was to wipe out the former proceeding and place the cause back where it was before the trial began. The court could have rightfully discharged the jury when the juror became ill (*Lee* v. *State,* 26 Ark. 260), and doubtless would have done so but for the express agreement of the parties that the trial should proceed before eleven jurors. But it is, as before stated, unimportant to inquire whether or not the court was correct in granting a new trial, as the fact remains that the new trial was granted upon the defendant's own request and for his benefit, and he can not claim that he was twice put in jeopardy of his liberty.

It is insisted that the evidence is insufficient to sustain the verdict, but our conclusion is that the evidence was abundant. Defendant was convicted of stealing a hog, the property of V. D. McAdams. He admits that he took the hog out of the range, and that it was the property of McAdams, but he contends that he did so by mistake, supposing that the hog was his own property and was in his brother's mark. There was a slight degree of simi-

larity between the two marks, but not enough to deceive a person practiced in observing the ear marks of animals. The stolen hog was marked with a swallow-fork and underbit in the right ear and an underbit in the left, and defendant testified that his brother's mark was a sloping-fork in the right and an underbit in the left. The jury might well have found that the difference in the mark was sufficient to put defendant upon inquiry and that he knew when he took the hog that it was not in his brother's mark. In addition to that, the stolen hog had a metal tag attached to one of its ears with the name of McAdams stamped thereon. This afforded abundant evidence of the fact that defendant's plea of mistake in taking the wrong hog was groundless. Besides that, the circumstances under which the hog was found by the owner in defendant's possession, were very suspicious, indicating an entire absence of mistake on defendant's part in taking the hog.

Judgment affirmed.