## Case No. 16,405.

UNITED STATES v. STOCKWELL et al.

[4 Cranch, C. C. 671.] [1]

Circuit Court, District of Columbia. March Term, 1836.

RIOT—PROOF OF INTENT—DECLARATIONS—TRIAL— ARGUMENTS OF COUNSEL—PROVINCE OF COURT AND JURY.

1. Upon an indictment for a riot it is not necessary to prove an agreement or proposal to do the unlawful act before it was done, or at the time of doing it: but from the doing of the

1 [Reported by Hon. William Cranch, Chief Judge.]

act, accompanied by declarations of an intent to do it, the jury may infer a previous intent and agreement to do it, and mutually to assist each other in doing it; and in the absence of all contradictory evidence they ought so to infer.

2. After an instruction has been given by the court to the jury, at the request of either party, and argued by counsel on both sides, the court will not permit counsel to argue the same question of law to the jury in contradiction to the opinion of the court.

3. The right of the jury to decide the law, as well as the fact, in a criminal case, results only from their power to find a general verdict.

[Cited in U. S. v. Taylor, 11 Fed. 473.]

[Cited in Territory v. Kee (N. M.) 25 Pac. 926.]

4. The question whether one fact can be inferred from another, is a question of law, and to be decided by the court; and if, in law, the inference can be drawn, it ought to be drawn, if there be no contradictory evidence.

Indictment for a riot. It charged that the defendants [Stockwell and Cropley], and six others to the jurors as yet unknown, "with force and arms at the county aforesaid, did on the 2d of April, 1835, unlawfully, riotously, routously, and tumultuously, assemble together to disturb the peace and government of the United States, and to break into and destroy the dwelling-house of one Martha Nailor in said county; and being so assembled," &c., made "great noises, riot, tumult, and disturbance," "and remained together, making such noises, riot, tumult, and disturbance and breaking, for a long space of time, namely, for the space of five hours then next following, to the great terror and disturbance not only of the citizens of the United States there and thereabouts inhabiting, &c., but of all, &c., passing and repassing in and along the public highways, and against the peace and government of the United States."

Upon the trial, W. L. Brent, for defendants, moved the court to instruct the jury "that should the United States have failed to prove, to the satisfaction of the jury, that an agreement, or proposal, to attack the house was made before the attack was made, or at the time of the attack, the defendants are entitled to an acquittal;" which instruction THE COURT gave; but at the prayer of Mr. Key, the district attorney, also instructed them "that if they should believe, from the evidence, that an attack was made on the house of the witness, by the traversers, and two or more persons, who had there assembled together with declarations that they were attacking "the rats," and would have out Bell, to revenge the wrongs of an injured craft, then the jury may therefrom infer a previous intent of the parties so to attack the said house, and a previous agreement so to do and mutually to assist each other in doing the same; and in the absence of all contradictory evidence, they ought so to infer."

After these instructions were given by the court, Mr. Brent proposed to argue to the jury that the court had erred in giving the last instruction; but CRANCH, Chief Judge,

informed him that the court would not permit him to do so.

Mr. Brent then observed to the court that he thought this rule infringed the right of the jury to decide the law as well as the fact.

CRANCH, Chief Judge, replied that the right of the jury to decide the law, was only the right to find a general verdict which includes both the law and the facts of the case. That the question whether one fact can be inferred from another is a question of law, and to be decided by the court; and that if the inference can, in law, be drawn, it ought to be drawn by the jury, if there be no contradictory evidence.