THE STATE *v.* ODELL.

A judgment of acquittal by a justice of the peace, on a charge of an assault and battery with intent to murder, is *coram non judice* and void.

A plea of such acquittal, to an indictment for an assault and battery alleged to be the same offence with that determined by the justice, cannot be sustained.

*Monday,
November 28.*

ERROR to the *Montgomery* Circuit Court.

BLACKFORD, J.—Indictment against *Caleb Odell* for an assault and battery on *Allen Moore.* Plea, that the defendant had been tried by a justice of the peace, for an assault and battery on *Allen Moore* with intent to murder him, and had been acquitted by the justice of the charge; and that the assault and battery mentioned in the indictment, is the same with that determined by the justice. Demurrer to the plea, and judgment for the defendant.

This judgment must be reversed. The justice had no jurisdiction to try and determine an assault and battery with an intent to murder, and the proceedings before him, described in the plea, were *coram non judice.* The justice should have taken measures to secure the defendant's appearance at the next term of the Circuit Court to answer the charge; and that was all he was authorised to do with him. The judgment of the justice, on the merits of the charge of an assault and battery with intent to murder, is a nullity; and the defendant's

plea to the indictment, relying on that judgment, is no de- <span>Nov. Term, 1836.</span>
fence.

*Per Curiam.*—The judgment is reversed with costs. Cause <span>Nixon v. Brown.</span>
remanded, &c.

W. *Herod*, for the state.

I. *Naylor*, for the defendant.