Thompson v. The State.

GRANT THOMPSON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: AUTREFOIS CONVICT. It is indispensable to the plea of former conviction that the court, whose record is relied upon to sustain it, had jurisdiction over the alleged offense.

2. **Felony**: JURISDICTION OF POLICE JUDGE. The police judge in cities of the first class has no jurisdiction in cases of felony, except to recognize the accused to appear before the district court for trial.

Thompson v. The State.

3. ———: ———. Where the charge against the prisoner, in the police court, was *petit larceny*, and the jury returned a verdict of " guilty," and fixed the value of the property stolen at $35.00. *Held*, that this verdict was no bar to an indictment for grand larceny in the district court for stealing the same property, as no valid judgment could have been rendered thereon.

4. **Evidence:** PRESUMPTIONS. It is a rule of evidence in trials for larceny of goods, that the finding of a portion of them in the exclusive possession of the prisoner, very shortly after the theft was committed, is presumptive evidence that he stole the whole, and may be sufficient to warrant a conviction accordingly.

ERROR from district court of Douglas county. Tried below before SAVAGE, J. The case is stated in the opinion.

*Baldwin & Smythe*, for plaintiff in error.

I. The complaint charged petit larceny and nothing else. The jury find the complaint to be true. There is no finding either by the court or jury that any offense other than petit larceny had been committed. In the district court, in the case of a person charged with the crime of larceny, the jury determine the value as a jurisdictional question, for a person charged in that court with grand larceny may, under such an indictment, be found guilty of petit larceny. But neither in the district or police court can a person on his trial be found guilty of any higher grade of, or other, offense than he is in the indictment or complaint charged with.

To take this case out of the rule here laid down and ever recognized in courts of justice, the state rely upon Gen. Stat., 798, Sec. 327.

It is provided by law that for the trial of misdemeanors committed outside of the city, justices of the peace shall have concurrent jurisdiction with the district court. For like offenses committed within the city, the police court has exclusive jurisdiction. There is no provision

in the statute authorizing a police judge to suspend a trial over which he has exclusive jurisdiction, and hold the party to bail for any other or higher grade of offense. *Commonwealth v. Squire*, 1 Metc., 258. *Laupher v. State*, 14 Ind., 237. *Wilson v. State*, 24 Conn., 57. *State v. Shepard*, 7 Conn., 55. *Thayer v. Boyle*, 30 Me., 479. *Hickey v. State*, 23 Ind., 21. *People v. McGowan*, 17 Wend., 386. *State v. Parmelee*, 9 Conn., 59.

*George H. Roberts, Attorney General*, for the State.

I. The demurrer was rightly sustained.

1. A conviction by a court having no jurisdiction is in legal consequence no trial and cannot be a bar to an indictment in a court of competent jurisdiction. 4 Black. Com., 335. *Commonwealth v. Peters*, 12 Metc., 387. *State v. Odell*, 4 Blackf., 156.

2. The police magistrate had no jurisdiction in cases of grand larceny, except to examine and hold for trial. Genl. Stats., 128, Sec. 66.

3. There was no judgment rendered in the police court, simply a holding to await action, etc. If there had been a conviction of petit larceny in the court below, it would be no bar to an indictment for grand larceny, even if the court below had jurisdiction over both offenses, which it had not. An acquittal or conviction for a minor offense is generally no bar to a greater. *State v. Morris*, 1 Blackf., 37. *People v. Smith*, 57 Barb., 46. *Wilson v. State*, 24 Conn., 57. *State v. Warren*, 14 Ind., 572. The true test is, could there have been a conviction of the major offense at the time of the conviction of the minor?

4. The question of jurisdiction was properly raised by demurrer. 1 Chitty, 521. *Commonwealth v. Peters*, 12 Metc., 387. *State v. Odell*, 4 Blackf., 156. *Rex v. Fearnley*, 1 T. R., 316. 1 Leach, 425.

5. Jurisdiction is a question of law—not of fact, and hence is not admitted by the demurrer. *Commonwealth v. Myers*, 1 Va. cases, 189.

6. The whole record is part of the plea of former conviction or former acquittal.

7. The prisoner should have had the verdict corrected if incomplete. 1 Bish. Crim. Law, sec. 998, and cases therein cited.

II. The verdict was sustained by the evidence.

Where one loses several pieces of property at same time and under same circumstances, and one is found to be stolen by a man, the presumption is the others were.

LAKE, CH. J.

I. At the June term, 1874, of the district court for Douglas county, the plaintiff in error was indicted for the crime of grand larceny, of which he was in due time convicted. To this indictment the plea of *autrefois convict* was interposed, which, upon demurrer, was adjudged insufficient. The question of the sufficiency of this plea is the principal point in dispute, and will first occupy our attention.

The plea, which by the demurrer stands admitted, shows that before the indictment was found, Thompson had been arrested and put upon trial before the police judge of the city of Omaha, upon complaint duly made, for stealing the identical property described in the indictment. In this complaint the value of the property stolen was fixed at thirty dollars, being five dollars less than was necessary to constitute grand larceny.

The case having been tried to a jury, they returned a verdict of "guilty in manner and form as charged in the complaint," and assessed "the value of the property stolen at thirty-five dollars," an amount which showed the offense to be grand larceny, of which the police

judge had no jurisdiction to punish, but simply as an examining magistrate, to hold the defendant for trial in the district court.

Upon this verdict no judgment was rendered by the police judge, but he required the accused to give security for his appearance before the district court, which, being unable to do, he was committed to jail to await the action of the grand jury. Whether this order requiring bail to be given was based upon the verdict of the jury and the original complaint, or upon a new complaint, charging grand larceny, does not appear. The orderly and proper course would have been to make a new complaint, covering the case as made by the proofs when it was shown that the offense was, in fact, grand larceny. But, so far as the action of the district court is concerned, it makes no sort of difference whether the course pursued by the police judge was legal and regular, or otherwise; for if the value of the property reached thirty-five dollars, the offense was a felony of which he had no jurisdiction to adjudge the penalty, but of which the district court, through its grand jury, was required to take cognizance.

Section sixty-six of the act for the incorporation of cities of the first class fixes, in general terms, the criminal jurisdiction of the police judge, which is " to hear and determine all offenses against the ordinances of the city, and of *misdemeanors* under the laws of the state, arising within the limits of the city, when the fine which may be imposed does not exceed one hundred dollars, or the imprisonment three months; and he shall also have jurisdiction for the examination of offenders against the laws of the state for offenses arising within the city limits."

It is clear from this provision of the statute that, in a case of *felony,* no jurisdiction is given to the police judge to determine the question of guilt, and should he

assume to do so his judgment would be simply void; but by the last clause of the section he is given authority to inquire as to the probability of the accused being guilty, and whether he ought to be held for final trial in the district court, and, when the circumstances warrant it, to take the requisite steps to secure his personal attendance for that purpose. It should be borne in mind that it is an indispensable requisite to a plea of *former conviction*, that the court whose record is relied upon to sustain it had jurisdiction of the alleged offense. When this is wanting, so that no valid judgment could have been rendered on the verdict, it is no bar to a second prosecution. 3 Greenlf. on Evidence, 37. 2 Broom & Hadley Com., Am. Ed., 601. *Commonwealth v. Peters*, 12 Met., 387. *State v. Odell*, 4 Blackf., 156. It follows, therefore, that the demurrer in this case was properly sustained.

II. The objection that the verdict is not supported by the evidence is not well taken. The testimony clearly establishes the defendant's guilt. It shows that the two hogs which were the subject of the alleged larceny were both killed and taken from their pen on the same night, and were traced early the next morning to the prisoner's possession, where the entrails, one of the heads, and portions of the meat were found secreted in the ground under his house. The head was fully identified as belonging to one of the stolen hogs. Indeed, the prisoner admitted, when on the witness stand, that he took one of the hogs, but denied taking more than one. The presumption arising from this possession of one of the hogs is that he stole both of them, as the testimony showed that they must have been taken at about the same time. It is a familiar rule of evidence in trials for the larceny of goods, that the finding of a portion of them in the exclusive possession of the prisoner very recently

after the theft was committed, is presumptive evidence that he stole the whole, and may be sufficient to warrant a conviction accordingly. 1 Phillips on Evidence, 4 Am. Ed., 634.

There is no error in this record, and the judgment is therefore affirmed.

JUDGMENT AFFIRMED.