JOHN M. OLIVER, PLAINTIFF IN ERROR, v. J. F. SHEELEY, DEFENDANT IN ERROR.

| | |
|---|---|
| 11 | 521 |
| 14 | 275 |
| 15 | 401 |
| 15 | 406 |
| 15 | 630 |
| 16 | 130 |
| 16 | 135 |
| 16 | 372 |
| 19 | 148 |
| 19 | 491 |
| 11 | 521 |
| 26 | 409 |
| 11 | 521 |
| 29 | 322 |
| 11 | 521 |
| 31 | 120 |
| 32 | 299 |
| 11 | 521 |
| 34 | 658 |

1. **Bill of Exceptions.** Affidavits used on a hearing in the district court must be embodied in a bill of exceptions to be available in the supreme court.

2. **Attorney's Lien.** To entitle an attorney to be admitted as a party plaintiff in an action for the purpose of protecting and enforcing his lien, it must appear that fees are due him for services in that case.

ERROR to the district court of Douglas county.

*D. Van Etten*, for plaintiff.

*Manderson & Congdon*, for defendant.

MAXWELL, CH. J.

This action was brought before a justice of the peace upon an undertaking for an attachment executed by the defendant to the plaintiff, the amount of damages

claimed being the sum of $50. Judgment was rendered by the justice in favor of the defendant. The plaintiff appealed to the district court, and afterwards filed the following stipulation therein:

"JOHN M. OLIVER  
    v.  
JOSEPH SHEELEY

"I hereby discontinue my appeal in this case and consent to a judgment for defendant.

Sept. 9, 1878.                      "J. M. OLIVER."

In pursuance of the stipulation, the appeal was dismissed, and judgment rendered in favor of the defendant. O'Brien and VanEtten filed a claim before the justice for an attorney's lien for $35 for professional services, and now ask to be subrogated to the rights of the plaintiff and be permitted to prosecute the action. There seems to have been a hearing before the district court upon certain affidavits as to whether there was an attorney's lien or not in favor of the attorneys above named, and the court appears to have found that no such lien existed. None of the affidavits used on the hearing are certified up in a bill of exceptions, and we are therefore unable to determine whether such decision was correct or not.

An attorney in an action may have a lien for fees due him for services therein on money in the hands of the adverse party, which is the subject of the litigation, and in a proper case may be admitted as a party plaintiff in that action for the purpose of protecting and enforcing his lien. *Reynolds v. Reynolds*, 10 Neb., 576. But there being no bill of exceptions the record fails to show that the attorneys in question are entitled to a lien and to be subrogated to the plaintiff's right. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.