### UNITED STATES *v.* TAYLOR.

*Circuit Court, D. Kansas.* March, 1882.)

1. CRIMINAL LAW—DIRECTING VERDICT.

In a criminal case the court cannot direct a verdict of guilty even where the facts are admitted beyond dispute, and the question of guilt or innocence depends wholly upon a question of law which the court must determine.

2. TRIAL BY JURY—CONSTITUTIONAL RIGHT.

The right to a speedy and public trial by an impartial jury is guarantied to every one accused of crime by amendment to article 6 of the constitution of the United States. It is a right which cannot be waived, and a trial by the court without a jury, even with the consent of the accused, is erroneous.

3. SAME.

While the court is the judge of the law and may instruct the jury upon the law, and while it is the duty of the jury to receive the law from the court, it is still within the power of the jury to render a general verdict, and thereby to decide on the law as well as the facts.

An information was filed in the district court for the district of Kansas, charging the defendant with the offence of carrying on the business of a retail dealer in liquors without having paid the special taxes required by law.

A trial was had, in the course of which the court directed the jury to return a verdict of guilty. Exceptions were taken by defendant, who thereupon moved for a new trial, which motion was overruled. The direction to the jury and overruling the motion are assigned as error.

*J. R. Hallowell,* U. S. Dist. Atty., for the United States.

*J. H. Gilpatrick,* for defendant.

McCRARY, C. J. The single question to be determined is whether, in such a case as this, a court may direct a verdict of guilty. It is insisted on the part of the government that, the facts being admitted or settled beyond dispute, the question of guilt or innocence depends wholly upon a question of law, which the court must determine, and that, therefore, the court may direct a verdict either way, in accordance with its opinion of the law. This is the view which was taken by the court below. In so holding, the learned district judge was, no doubt, largely influenced by the ruling of Mr. Justice Hunt in the case of *U. S.* v. *Anthony,* 11 Blatchf. 200. I find, however, upon an examination of the subject, that, with this single exception, the authorities are, with entire unanimity, against the right of a court in a criminal case to direct a verdict of guilty.

The constitution guaranties to every accused person "the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed." Sixth amendment. This is a right which cannot be waived, and it has been frequently held that the trial of a criminal case before the court by the prisoner's consent is erroneous. *State* v. *Mann,* 27 Conn. 281.

It is very difficult to see upon what principle it can be maintained that an accused person has had a trial by an impartial jury, within the meaning of the constitution, in a case where the court has directed the jury, without deliberation, to find him guilty. It would seem that such a trial is, in substance and effect, a trial by the court quite as much as in a case where a jury is waived by consent of the accused.

The constitution does not deal with the form, but with the substance, the essence, of the trial, and therefore requires a submission of the case to the jury for their consideration and decision upon it. There can, within the meaning of the constitution, be no trial of a cause by a jury unless the jury deliberates upon and determines it.

It is doubtless true that, in a certain sense and to a limited extent, this doctrine makes the jury the judges in criminal cases, of both law and fact; but this is the necessary result of the jury system, so long as the absolute right of the jury to find a general verdict exists, for a general verdict necessarily covers both the law and the fact, and embodies a decision based upon and growing out of both.

It has accordingly long been well settled that, while the court is the judge of the law and may instruct the jury upon the law, and while it is the duty of the jury to receive the law from the court, it is still within the power of the jury to render a general verdict, and thereby to decide on the law as well as the facts. It has never, to my knowledge, been claimed that if the jury disregard the law as laid down by the court, and render a general verdict of not guilty, the court can set it aside; and if this cannot be done by an order after verdict, how can the court do substantially the same thing by an instruction before verdict? The action of the court is, in effect, the same in either case; it is in effect a decision by the court, upon the law and facts, that the accused is guilty. The court must determine both the fact and the law, whether it directs a verdict of guilty, or sets aside a verdict of not guilty. It may be going too far to say broadly that the jury have a right to disregard the instructions of the court upon questions of law, although many courts have gone to this extent; but it is quite clear that the right to render a general verdict includes the power to decide both law and fact, and therefore necessarily the power to decide independently of the court.

In view of this, courts have usually gone no further than to say to the jury that while they may, by a general verdict, determine both the law and the facts, it is their duty to believe the law as laid down by the court. In the case of *U. S.* v. *Wilson*, 1 Baldw. 108, the court, by Mr. Justice Baldwin, in charging the jury, commented upon the subject as follows:

"In repeating to you what was said on a former occasion to another jury, that you have the power to decide on the law as well as the facts of this case, and are not bound to find according to our opinion of the law, we feel ourselves constrained to make some explanations not then deemed necessary, but now called for from the course of the defence.

"You may find a verdict of guilty or not guilty, as you think proper, or may find the facts specially and leave the guilt or innocence of the prisoner to the judgment of the court. If your verdict acquits the prisoner, we cannot grant a new trial, however much we may differ with you as to the law which governs the case, and in this respect a jury are the judges of the law, if they choose to become so. Their judgment is final, not because they settle the law,

but because they either think it not applicable, or do not choose to apply it to the case.

"But if a jury find a prisoner guilty against the opinion of the court on the law of the case, a new trial will be granted. No court will pronounce a judgment on a prisoner against what they believe to be the law. On an acquittal there is no judgment; the court do not act, and cannot judge, there remaining nothing to act upon.

"This, then, you will understand to be what is meant by your power to determine upon the law; but you will still bear in mind that it is a very old, sound, and valuable maxim in law that the court answers to questions of law, and the jury to facts. Every day's experience evinces the wisdom of this rule."

That this charge presents the true doctrine upon the subject will be apparent from an examination of the following authorities, all of which sustain it, and some of which go even beyond it, and declare that the jury are the exclusive judges of both law and fact in a criminal case. Several of them are exactly in point, holding that a direction to the jury to convict is erroneous, notwithstanding overwhelming evidence of guilt. *U. S.* v. *Battiste,* 2 Sumn. 243; *Com.* v. *Porter,* 10 Metc. 262; *Com.* v. *Van Tuyl,* 1 Metc. (Ky.) 1; *U. S.* v. *Stockwell,* 4 Cranch, C. C. 671; *Stettinius* v. *U. S.* 5 Cranch, C. C. 573; *Montee* v. *Com.* 3 J. J. Marsh. 132; *Sims* v. *State,* 43 Ala. 33; *U. S.* v. *Hodges,* 2 Wheeler, Crim. Cas. 477; *U. S.* v. *Wilson,* Baldw. 78; *U. S.* v. *Fenwick,* 5 Cranch, C. C. 562; *U. S.* v. *Greathouse,* 2 Abb. (U. S.) 364; 4 Bl. Comm. 361; *Tucker* v. *State,* 57 Ga. 503; *Huffman* v. *State,* 29 Ala. 40; *Perkins* v. *State,* 50 Ala. 154.

The rule is thus stated in *Com.* v. *Tugl:*

"The jury must derive a knowledge of the facts from the witnesses, and of the law from the court. They have, however, to pass upon both, and by making an application of the law to the facts of the case, decide whether the offense charged in the indictment has been committed. In this sense only are they the judges of the law of the case."

With respect to the ruling of Judge Hunt in *U. S.* v. *Anthony, supra,* it is proper to remark that he seems, upon reflection, to have doubted its soundness, as on the subsequent trial of the officers of election indicted with Miss Anthony for the same offence, and in which substantially the same testimony was introduced, he stated that instead of ordering a verdict of guilty he would submit the case to the jury with the instructions that there was no justification for the act of the defendants, and that in effect they were all guilty. See Wharton, Crim. Law, (7th Ed.) § 82*a.*

It is now well settled in the federal courts that in civil cases, where the facts are undisputed and the case turns upon questions of law, the court may direct a verdict in accordance with its opinion of the law; but the authorities which settle this rule have no application to criminal cases. In a civil case the court may set aside the verdict, whether it be for the plaintiff or defendant, upon the ground that it is contrary to the law as given by the court; but in a criminal case, if the verdict is one of acquittal, the court has no power to set it aside. It would be a useless form for a court to submit a civil case involving only questions of law to the consideration of a jury, where the verdict, when found, if not in accordance with the court's view of the law would be set aside. The same result is accomplished by an instruction given in advance to find a verdict in accordance with the court's opinion of the law. But not so in criminal cases. A verdict of acquittal cannot be set aside, and therefore if the court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly.

By his plea of not guilty, the defendant must be understood as denying the truth of the information or indictment, and as not conceding the truth of what the witnesses for the government have sworn to. This is so notwithstanding the fact that no witness for the defendant contradicted the statements of the witnesses for the prosecution.

In this condition of the testimony it was the right of the jury to pass upon the credibility of the witnesses, even if unimpeached as to character, and to consider whether, upon applying all the tests of manner, clear or confused statement, prejudice and accuracy of memory, they were to be believed. It was within the province of the jury to disbelieve the witnesses for the government. And even in civil cases, so far as I know, no judge has ever gone further than to say, when the case was at all dependent upon oral testimony, that if the jury believed all the testimony they should find for the plaintiff or defendant.

The present case, in itself considered, is of little consequence, but the question involved is of far-reaching importance; for if the power to direct a verdict of guilty exists in this case, it exists and may be exercised in any criminal case, however important, and even if the punishment be death. In view of this, and especially in view of the opinion above cited of Mr. Justice Hunt, for whose judgment I entertain the highest respect, I have considered the case with great care. I have also consulted Mr. Justice Miller, who authorizes me to say

that he concurs in the conclusion which I have reached, which is that the district court erred in charging the jury to find the defendant guilty, and in overruling the motion in arrest of judgment.

The judgment of the district court is accordingly reversed, and the cause remanded for further proceedings in accordance with this opinion.

### NOTE.

Article 3, § 2, subd. 3, of the constitution of the United States applies to proceedings in United States courts.(*a*)    As soon as it judicially appears of record that the party has pleaded not guilty, an issue has arisen which courts are bound to direct to be tried by a jury;(*b*) the trial being the examination before a competent tribunal, according to the law of the land.(*c*)    Congress must first make an act a crime, affix the penalty, and declare the court having jurisdiction;(*d*) and any law dispensing with the requisites to constitute a jury is unconstitutional;(*e*) so a statute which provides that a party may be tried by the court on a charge of libel is void, although it gives him a right of appeal to a court where trial may be had by jury.(*f*)    If the district attorney enters a *nolle prosequi* after the jury is empanelled and sworn, the accused cannot be again indicted for the same offence,(*g*) if the court had jurisdiction;(*h*) but where the indictment on demurrer is held bad, the prisoner may be remanded for further proceedings.(*i*)    He is not once put in jeopardy until the verdict of the jury is rendered for or against him;(*j*) and twice in jeopardy does not relate to a mistrial;(*k*) or where the jury was discharged on account of the absence of witnesses, it does not prevent a subsequent trial,(*l*) nor when the jury is discharged from necessity, or the ends of justice would be defeated;(*m*) as where one of the jury becomes insane,(*n*) or is attacked with a sudden illness,(*o*) or if a juror is so biased that he is unfit to sit on the case.(*p*) or where the jury fail to agree,(*q*) or where they do not agree on the last day of the term.(*r*)    Where the jury is empanelled and sworn by inadvertence before an arraignment, the proceeding may be disregarded, and a jury empanelled in regular order.(*s*)—[ED.

(*a*) Murphy v. People, 2 Cow. 815.

(*b*) U. S. v. Gibert, 2 Sumn. 19.

(*c*) U. S. v. Curtis, 4 Mason, 232.

(*d*) U. S. v. Hudson, 7 Cranch, 32; U. S. v. Coolidge, 1 Wheat. 415.

(*e*) Work v. State, 2 Ohio St. 296; State v. Cox, 3 Eng. (Ark.) 436.

(*f*) Ex parte Dana, 7 Ben. 1.

(*g*) U. S. v. Shoemaker, 2 McLean, 114.

(*h*) State v. Odell, 4 Blackf. 156; Com. v. Peters, 12 Metc. 387; Thompson v. State, 6 Neb. 107.

(*i*) U. S. v. Tow-Maker, Hemp. 299.

(*j*) U. S. v. Perez, 9 Wheat. 579; U. S. v. Haskell, 4 Wash. C. C. 402; People v. Goodwin, 18 Johns. 187; Hoffman v. State, 20 Md. 425; State v Moor, Walk. 134; Com. v. Merrill, Thach. C. C. 1.

(*k*) U. S. v. Haskell, 4 Wash. C. C. 410.

(*l*) Hoffman v. State, 20 Md. 425. And see U. S. v. Watson, 3 Ben. 1

(*m*) U. S. v. Perez, 9 Wheat, 579; U. S. v. Gibert, 2 Sumn. 19; Com. v. Cook, 6 Serg. & R. 577; U. S. v. Wilson, Bald. 95; U. S. v. Keen, 1 McLean, 429.

(*n*) U. S. v. Haskell, 4 Wash. C. C. 402.

(*o*) Com. v. Merrill, Thach. C. C. 1.

(*p*) U. S. v. Morris, 1 Curt. 23.

(*q*) U. S. v. Perez, 9 Wheat. 579; People v. Goodwin, 18 Johns. 187.

(*r*) State v. Moor, Walk. 134.

(*s*) U. S. v. Riley, 5 Blatchf. 204.