LOUIS E. EMPKIE ET AL., APPELLEES, V. JOHN McLEAN ET AL., APPELLANTS.

1. **Order of Sale:** DEFECTS IN PREVIOUS PROCEEDINGS. The failure of the sheriff to legally advertise and offer for sale property which was not sold for want of bidders will not invalidate a subsequent sale made under another order of sale to which no objection is made.

2. **Bill of Exceptions.** Affidavits used on a hearing in the district court must be embodied in a bill of exceptions to be available in the supreme court.

APPEAL from the district court of Merrick county. Heard below before POST, J.

*W. H. Snelling*, for appellants.

*A. Ewing and John Patterson*, for appellees.

REESE, J.

This case is an appeal from the ruling of the district court of Merrick county in confirming a sale made by the sheriff of certain property on the foreclosure of a mortgage.

It appears from the record that the property had been offered for sale by the sheriff two or three times before it was finally sold, and that on each failure to sell the order of sale had been returned by the sheriff endorsed "Not sold for want of bidders."

The first objection made to the confirmation of the sale, as finally made, is, that at the prior efforts of the sheriff to sell he had advertised and offered the property (which consisted of different tracts of land) as one tract. This may have been true, and yet it is impossible for us to see how it could affect this sale, as it is shown by the sheriff's return that the property was appraised and sold in subdivisions. Whatever may have occurred under the prior

orders of sale in offering the property for sale, since it was not sold, could not in any degree affect the sale made under the last order of sale.

The second objection is, that another party offered to purchase a part of the property at the first offer at a higher price than that for which it sold under the third order of sale. It is not necessary to dwell upon this point longer than to say that, there being no bill of exceptions in this case there is no proof before this court to sustain the allegation. This court cannot consider questions depending upon proofs submitted to the district court unless the evidence is preserved by a proper bill of exceptions. *Ray v. Mason*, 6 Neb., 102. *Oliver v. Sheeley*, 11 Neb., 521.

The same may be said of the other objections presented to the court below, and as the same rule must be applied the judgment and decree of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.