JOHN SAXON, PLAINTIFF IN ERROR, v. W. R. CAIN, ADMINISTRATOR OF THE ESTATE OF JAMES COTTRELL, DECEASED, DEFENDANT IN ERROR.

1. **Evidence**: PRESUMPTIONS. It is a rule of law that every presumption is in favor of the correctness of the decisions of courts of general jurisdiction until the contrary is made affirmatively to appear.

2. **Administration of Estates**: CONFIRMATION OF SALE. In proceedings for the confirmation of a sale made by an administrator upon a license previously granted it is the duty of the

court to confirm the sale and order the execution of conveyances to the purchaser, if it appears that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property. Sec. 88, chap. 23, Comp. Stats.

3. ———: WAIVER BY ADMINISTRATOR. When an administrator makes application for a license to sell real estate, and a sale is awarded to the extent of an undivided seven-eighths interest, and he accepts such order as final and proceeds to sell the seven-eighths, reports the sale, and procures a confirmation thereof by the district court, he thereby waives his right to have the order reviewed by proceedings in error.

ERROR to the district court for Richardson county. Heard below before MORRIS, J.

*John Saxon, pro se.*

*E. W. Thomas* and *A. J. Weaver,* for defendant in error.

REESE, J.

This was an application made to the judge of the district court by an administrator for a license to sell real estate of a decedent for the purpose of paying debts against the estate.

The application alleged that James Cottrell, the deceased, died on the 27th day of November, 1880, in Brown county, Kansas, being the owner of real and personal estate both in Kansas and in this state; that he died intestate, leaving surviving him a widow and a number of heirs, whose names and ages are given; that at the time of his death he was engaged in business somewhat extensively in Falls City, in this state, and the owner of real and personal property in Richardson county of considerable value, and was largely indebted in said county; that on the 17th of January, 1881, upon the application of the widow, Silas Romesburg, a son-in-law of deceased, was appointed administrator of said estate by the county court of

Richardson county, and took charge of assets to the amount of $8,023.34, but that in May, 1882, upon complaint of one of his sureties, charging gross mismanagement and misapplication of the funds, Romesburg was removed for cause, the charge having been found to be true. In October, 1882, the applicant was appointed administrator to succeed Romesburg, and entered upon the discharge of his duties, but from the confused condition of the estate, the litigation in which he had been engaged in trying to collect apparent assets, the settlement of the estate had been delayed and he had only been able to collect the sum of $500, and that all the estate which had come into his hands amounted to $1,126.57; that he had paid debts until the amount remaining in his hands was $496; that claims had been allowed against the estate to the amount of $3,329.92; that Silas Romesburg had paid thereon the sum of $893, leaving unpaid about $2,538.92 of said debts; that the misapplication of the funds by Romesburg was so reckless that the whole of the estate which went into his hands, excepting the amount reported as stated above, was lost without any fault of the creditors whose claims had been allowed, and the said Silas Romesburg and his sureties on his bond were at the time of making the application absolutely worthless, and any effort to collect would be a waste of time and the money of the estate; that the real estate was in the possession of the administrator and had never been apportioned nor divided among the heirs, nor encumbered by them, except the conveyance of one-eighth interest by one to John Saxon. The real estate of the deceased is described, and it is alleged that it is necessary to sell the same to pay the debts.

At the time fixed for hearing the application, John Saxon, representing his one-eighth interest, appeared and demurred to the petition. His demurrer was sustained, and no one else appearing to resist the application the order was made authorizing the administrator to sell seven-eighths,

undivided, of this estate.   The applicant, although except-
ing to the order sustaining the demurrer, proceeded to sell
the interest as ordered.   After sale, and upon the report of
the administrator, the said Saxon, the purchaser of the
seven-eighth interest of part of the property sold, appeared
and sought to resist the confirmation of the sale made to
himself and other purchasers.   The sale being confirmed,
he alleges error.

The principal contention is, that the court had no juris-
diction to grant the license, because the time allowed by
statute within which an administrator could dispose of the
estate and pay debts had expired before the application was
made.

By section 245 of chapter 23 of the Compiled Statutes,
it is provided that the county court may, upon the applica-
tion of an administrator, extend the time for paying debts
so that the whole time allowed the original administrator
shall not exceed three years.   By section 247 it is provided
that, when necessary, the time in which a new administrator
can pay debts and legacies may be extended in like manner
and upon a like notice as required in the case of an original
administrator.   There was not three years intervening be-
tween the appointment of the new administrator and the
application for the license, nor even the filing of the report
of the sale by the administrator.   There is no bill of ex-
ceptions showing what, if any, evidence was presented to
the judge of the district court when the license was granted,
and we must presume the proceedings were regular and
that he had before him such evidence as was necessary to
authorize him to make the order.   Jurisdiction of the mat-
ter in the county court had not been lost and we cannot
presume that court had failed to discharge its duty over
which it is conceded it had obtained jurisdiction.   All pre-
sumptions are in favor of the regularity of its proceedings
as well as of those of the district court.   *White v. Rourke*,
11 Neb., 521.   *Roehl v. Roehl*, 15 Id., 655.

As to the order of the court confirming the sale, little need be said. Section 88 of the chapter above referred to provides that, "If it shall appear to the district judge that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold  *  *  *  he shall make an order confirming such sale and directing conveyances to be executed." So far as the record discloses no objection was made to the manner in which the sale was conducted, and we presume none existed.

Defendant in error has filed a cross petition in error, alleging error in the district court in sustaining the demurrer of John Saxon to his application for license, so far as the application applied to the one-eighth interest of Saxon. Since he acquiesced in the order and accepted a license to sell, and did sell the seven-eighths, and thus accepted the order as made, he cannot now question the decision of the court. *Hamilton County v. Bailey*, 12 Neb., 56.

The order of the district court confirming the sale is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.