[No. 380. January Term, 1891.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. JOE KEE, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT—TRIAL BY JURY—VERDICT, POWER OF COURT TO DIRECT.—On a prosecution, on indictment for embezzlement, where the jury returned a verdict of guilty under the directions of the court, and the defendant moved in arrest of judgment, which motion was overruled—Held:

1. Under that provision of the constitution guaranteeing to persons accused of crime the right to trial by jury, the accused, in every case, where he has pleaded "not guilty," has the right to have the question of his innocence or guilt submitted to a jury, and the court has no power, in such cases, to deprive him of that right, by directing the jury to return a verdict of guilty, however strong, clear, and unimpeached the evidence may be for the prosecution. U. S. v. Taylor, and cases cited, 11 Fed. Rep. 470; U. S. v. Gilbert, 2 Sum. 19.

2. The court erred in overruling the motion in arrest of judgment.

APPEAL from a judgment of the Second Judicial District Court, Bernalillo County, convicting defendant of embezzlement. Judgment reversed.

The facts are stated in the stipulation hereinafter set out, constituting the entire record in the case, and filed in place thereof.

BERNARD S. RODEY for appellant.

M. A. BREEDEN, assistant attorney general, and CLIFFORD L. JACKSON, district attorney, for territory.

The counsel for defendant, in the court below, did not resort to the proper remedy, a motion for new trial, but filed a motion in arrest of judgment, and for a discharge of defendant, and thereby waived a motion for new trial. 2 Tidd's Prac., p. 913; Hall v. Ness, 27 Ill. 411.

The matters relied on, in the motion in arrest of judgment and for discharge of defendant, can not be raised by such motion, and the district court did not ere in overruling the same. Gildersleeve v. Water & Imp. Co., 3 N. M. 321; Bond v. Dusten, 112 Sup. Ct. Rep. 604.

### STIPULATION.

"In this cause it is stipulated by and between the respective counsel that the defendant, Joe Kee, a Chinaman, was indicted and tried upon a good and sufficient indictment, duly returned by a regularly organized grand jury of Bernalillo county, New Mexico, for the crime of embezzlement at said term; that the defendant, by a good and sufficient plea, when arraigned on said indictment, pleaded 'not guilty;' that during said trial all the witnesses introduced on the part of the territory were Lizzie McGrath (who was the principal or prosecuting witness); James H. Smith, the policeman who made the arrest, and R. B. Myers, the justice who bound the defendant over, and all of whose evidence tended to prove that in about September, 1887, the defendant, at the request of Lizzie McGrath, entered her employ as cook and general servant at Albuquerque, in said county, at a salary of ten dollars a week; that during the course of his employment the defendant, at the request of said Lizzie, several times carried her bank book and cash to the First National

Bank of said Albuquerque, and deposited the cash to her credit; that on the 15th day of September, 1887, again at her request, the defendant took her bank book and one hundred and sixty dollars in gold and silver coins of the coinage of the United States, and in currency, issued under the laws of the United States, and went out to go to the bank as usual, but instead of going to the First National Bank, went to Hope's corner faro bank, in said Albuquerque, and there proceeded to gamble the aforesaid money against the game and bank until he had but twenty-five dollars of it left, at which time he was arrested; that said sum of twenty-five dollars, together with twenty dollars the said Lizzie owed him for two weeks' wages, left the defendant 'short in his accounts' to the said Lizzie in the sum of one hundred and fifteen dollars, and that said above named witnesses also testified that the defendant at different times admitted to each of them the above state of facts; that the only defense made was the giving in of the defendant's plea of 'not guilty,' and the following testimony by the defendant himself: Joe Kee, the defendant, being duly sworn, testified as follows: 'Question. Will you tell the truth if you talk to the jury now? Answer. No, sir. Q. Will you speak the facts if you talk to the jury now, as they occurred? A. Yes, sir; I talk some. Q. Will you tell right? A. Yes, sir. Q. You won't tell any lie? A. No. Q. Do you know Lizzie McGrath? A. Yes, sir. Q. Where were you during last September? Were you in her house last September, the same as she told here on the stand? A. Yes, sir. Q. What were you doing there in that house? A. Cooking. Q. What kind of a house is that? A. Whorehouse. Q. How much did she give you a week for cooking? A. Ten dollars a week. Q. Where have you been for the last seven months? (Objected to by the territory as immaterial. Sustained.)' And this was all the testimony produced,

or offered, or introduced in said cause on the part of either. party. And thereupon the defendant, by counsel, moved the court to instruct the jury to find him not guilty, for the reasons—First, because the evidence shows that the money was received from the defendant's principal, and not from any other person, in accordance with the words of the statute; second, because there is no evidence in the case showing, or tending to show, that the money given to the defendant was the property of Lizzie McGrath; and, third, because there is no evidence in the case to show that the defendant appropriated the money to his own use,—which motion was denied by the court, to which action of the court the defendant, by counsel, then and there duly excepted, and still excepts; whereupon the defendant's counsel then asked permission of the court to argue the case to the jury on the testimony, but the court denied him such permission, to which action of the court the defendant then and there excepted and still excepts; whereupon the court, of its own motion, instructed the jury as follows: 'Gentlemen of the jury: There is no conflict in the evidence in this case. Therefore you are instructed to find the defendant guilty as charged, and assess his punishment at a fine not exceeding five thousand dollars, or to imprisonment in the county jail, or the territorial penitentiary, not more than two years, nor less than three months.' And thereupon the jury, by direction of the court, found the defendant guilty as charged in the indictment, and assessed his punishment at imprisonment in the territorial penitentiary for the term of two years, to which action of the court in so instructing the jury to find him guilty the defendant then and there duly excepted and still excepts. That thereafter, in proper time, the defendant, by counsel, filed his motion in arrest of judgment and for the discharge of the defendant from custody, which motion the court over-

ruled; that the grounds of such motion was the action of the court in so refusing to permit counsel for defendant to argue the case to the jury in his behalf, and the action of the court in so instructing the jury to find the defendant guilty, to which action of the court in so overruling the said motion the defendant at the time duly excepted and still excepts; that thereafter, upon the last day of said term, the court sentenced said defendant to the term of two years' penal servitude in the territorial penitentiary; that on said last day of the term the defendant filed his proper affidavit, and prayed an appeal of said cause to the supreme court of the territory of New Mexico, which was duly granted, 'and the time for settling and filing a bill of exceptions in the cause was then set, and thereafter, from time to time, before such time had expired, duly extended to the 1st day of September, A. D. 1888. And now, the respective counsel having agreed upon the foregoing as a bill of exceptions herein, they respectfully ask the court that the same be signed and sealed, and made of record herein. In evidence of which agreement the said counsel hereunder sign.

                        "CLIFFORD L. JACKSON,
        "District Att'y, representing the Territory.
                        "BERNARD S. RODEY,
                            "Att'y for Defendant.

"Which is hereby done this 21st day of August, 1888.

[SEAL]                        "WM. H. BRINKER,
                            "Presiding Judge."

OPINION.

LEE, J.—Several questions are raised by the record, but only one we think it necessary to consider, as, in EMBEZZLEMENT: our opinion, in criminal cases it is not in trial by jury: verdict: power the province or power of the court trying of court to direct. the case to direct a verdict of guilty, no matter how strong, clear, and unimpeached the evi-

dence may be on the part of the prosecution.  Under
the constitutional provision which guaranties to per-
sons accused of crime the right of trial by jury, an
accused person has in every case where he has pleaded
"not guilty" the absolute right to have the question of
his innocence or guilt submitted to the jury, no matter
what the state of the evidence may be.   The right thus
granted has been so fully recognized and carefully
guarded by the courts that it has been frequently held
that it can not be waived by the prisoner, and that a
trial before the court without a jury is erroneous, even
where it takes place with the prisoner's consent.   The
only case of respectable American authority holding
the contrary proposition is the ruling of Justice HUNT,
in the circuit court of the United States, on the trial of
Susan B. Anthony for illegal voting at a federal
election.   U. S. v. Anthony, 11 Blatchf. (U. S.) 200.
And the learned judge in that case seems to have come
to doubt the correctness of his ruling on the question,
as subsequently, when the officers of the election, who
were indicted together with Miss Anthony for the same
offense, and in which substantially the same testimony
was introduced on the trial, he submitted the case to
the jury.   In the case of U. S. v. Taylor, 11 Fed. Rep.
470, Judge McCRARY carefully reviews the rulings of
Justice HUNT in the Anthony case, and holds the con-
trary doctrine.   In concluding his opinion, he says:
"It is now well settled in the federal courts that in civil
cases, where the facts are undisputed, and the case
turns upon questions of law, the court may direct a
verdict in accordance with its opinion of the law, but
the authorities which settle this rule have no applica-
tion to criminal cases.   In a civil case the court can set
aside the verdict, whether it be for the plaintiff or
defendant, upon the ground that it is contrary to the
law as given by the court; but in a criminal case, if the
verdict is one of acquittal, the court has no power to

set it aside. It would be a useless form for a court to submit a civil case, involving only questions of law, to the consideration of a jury, where the verdict, when found, if not in accordance with the court's view of the law, would be set aside. The same result is accomplished by an instruction given in advance to find a verdict in accordance with the court's opinion of the law. But not so in criminal cases. A verdict of acquittal can not be set aside, and therefore, if the court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly. By his plea of not guilty the defendant must be understood as denying the truth of the information or indictment, and as not conceding the truth of what the witnesses for the government have sworn to. This is so, notwithstanding the fact that no witnesses for the defendant contradicted the statements of the witnesses for the prosecution. In this condition of the testimony it was the right of the jury to pass upon the credibility of the witness, even if unimpeached as to character, and to consider whether, upon applying all the tests of manner, clear or confused statement, prejudice, and accuracy of memory, they were to be believed. It was within the province of the jury to disbelieve the witnesses for the government. And even in civil cases, so far as I know, no judge has ever gone farther than to say, when the case was at all dependent upon oral testimony, that if the jury believed all the testimony they should find for the plaintiff or defendant. The present case, in itself considered, is of little consequence, but the question involved is of far-reaching importance; for if the power to direct a verdict of guilty exists in this case, it exists and may be exercised in any criminal case, however important, and even if the punishment be death. In view of this, and especially in view of the opinion above cited of Mr. Justice HUNT, for whose judgment I entertain the highest re-

spect, I have considered the case with great care. I have also consulted Mr. Justice MILLER, who authorizes me to say that he concurs in the conclusion which I have reached.'' The rule as stated by Justice Mc-CRARY is sustained in U. S. v. Gilbert, 2 Sum. 19, as it is there held that as soon as it judicially appears of record that the party has pleaded not guilty, an issue has arisen which courts are bound to direct to be tried by a jury. While it is a very old, sound, and valuable maxim in law that the court answer to questions of law, and the jury to facts, yet every day's experience evinces that in criminal cases juries assume to be judges of the law as well as of the facts. And while it is the law and the theory that the court will instruct the jury as to the law in the case, and that it is the duty of the jury to receive the law from the court, yet it has never to our knowledge been claimed that if the jury disregarded the law as laid down by the court, and returned a general verdict of not guilty, the court can set it aside; and as said by McCRARY, supra: ''If this can not be done by an order after verdict, how could the court do substantially the same thing by an instruction before verdict?'' The action of the court is the same in either case; it is a decision by the court upon the law and facts that the accused is guilty. The court must determine both the law and the facts, whether it directs a verdict of guilty or sets aside a verdict of not guilty. McCRARY cites in support of the doctrine laid down by him, and which, we think, is the correct one, the following authorities, some of which go to the full extent, that the jury are exclusive judges of the law and the facts in criminal cases. Several of them are exactly in point, holding that a direction to the jury to convict is erroneous, notwithstanding overwhelming evidence of guilt. U. S. v. Battiste, 2 Sum. 243; Com. v. Porter, 10 Metc. (Mass.) 263; Com. v. Van Tuyl, 1 Metc. (Ky.) 1; U. S. v. Stockwell, 4

Cranch, C. C. 671; Stettinius v. U. S., 5 Cranch, C. C. 573; Montee v. Com., 3 J. J. Marsh. 132; Sims v. State, 43 Ala. 33; U. S. v. Hodges, 2 Wheeler, Crim. Cas. 477; U. S. v. Wilson, Baldw. 78; U. S. v. Fenwick, 5 Cranch, C. C. 562; U. S. v. Greathouse, 2 Abb. (U. S.) 364; 4 Bl. Comm. 361; Tucker v. State, 57 Ga. 503; Huffman v. State, 29 Ala. 40; Perkins v. State, 50 Ala. 154. This court, believing the law to be expressed in the authorities referred to and cited, holds that the court below erred in instructing the jury to find the defendant guilty, and in overruling the motion in arrest of judgment. The judgment is therefore reversed, and the cause remanded for such action as may be properly taken in accordance with the views herein expressed.

*JUDGMENT, error in overruling motion in arrest of.*

O'BRIEN, C. J., and McFIE, SEEDS, and FREEMAN, JJ., concur.